WM. SMITH GREIG, D.C. Bar No. 453443
Email: greigw@sec.gov
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-9612
Telephone:   202 / 551-5147
Facsimile:    202 / 772-9263

LOCAL COUNSEL:
AMY JANE LONGO, Cal. Bar. No. 198304
Email: longoa@sec.gov
Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, California 90071
Telephone:   323 / 965-3835
Facsimile:    213 / 443-1904

Attorneys for Movant
Securities and Exchange Commission

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Movant,<br><br>vs.<br><br>HAMID KABANI, MICHAEL DEUTCHMAN, and KARIM KHAN MUHAMMAD,<br><br>Respondents. | Case No. _____<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE SEC'S MOTION FOR AN ORDER UNDER SECTION 21(e)(1) OF THE EXCHANGE ACT**<br><br>Date:<br>Time:<br>Place:<br>Judicial Officer: |

# TABLE OF CONTENTS

Index of Authorities ........................................................................... iii

INTRODUCTION ................................................................................1

JURISDICITON AND VENUE .........................................................1

KABANI, DEUTCHMAN, AND KHAN PERPETRATE
THE "CLEANUP" SCHEME............................................................2

THE SANCTIONS IMPOSED ON KABANI, DEUTCHMAN, AND KHAN ......4

    A.    The PCAOB Imposes Civil Penalties on Kabani,
          Deutchman, and Khan ..........................................................4

    B.    The SEC Affirms the Civil Penalties Imposed on Kabani,
          Deutchman, and Khan ..........................................................6

    C.    The United States Court of Appeals for the Ninth Circuit
          Denies Respondents' Petition for Review...........................6

    D.    The Supreme Court Denies the Respondents' Petition
          for a Writ of Certiorari .........................................................7

    E.    The SEC Opinion and Order Is Final....................................7

    F.    Kabani, Deutchman, and Khan Refuse to Comply
          with the SEC Opinion and Order .........................................7

ARGUMENT ......................................................................................7

    A.    This Court Has Jurisdiction to Enforce Final SEC Orders ..................8

    B.    Summary Proceedings Are Appropriate Here Because Each
          Respondent's Liability Is Fixed ...........................................9

    C.    Each Respondent Should Pay Pre- and Post-Judgment Interest .........10

CONCLUSION ..................................................................................11

EXHIBITS

    Exhibit 1: Declaration of Holly Greaves ................................. Tab 1

# INDEX OF AUTHORITIES

**Cases**

*BankAtlantic v. Blythe Eastman Paine Webber, Inc*.,

    12 F.3d 1045 (11th Cir. 1994) ......................................................................10

*Berger v. Heckler*,

    771 F.2d 1556 (2d Cir. 1985) .........................................................................9

*Bd. of Governors of the Fed. Reserve Sys. v. Pharaon*,

    169 F.3d 110 (2d Cir. 1999) .........................................................................10

*Floyd v. Ortiz*,

    300 F.3d 1223 (10th Cir. 2002) ......................................................................9

*In the Matter of the Application of Kabani & Co., Inc., Hamid Kabani, CPA,*

    *Michael Deutchman, CPA, and Karim Khan Muhammad, CPA,*

    *for Review of Disciplinary Action Taken by the PCAOB,*

    S.E.C. Rel. No. 34-80201, 2017 WL 947229

    (S.E.C. March 10, 2017) ........................................................................*passim*

*In the Matter of the Application of Kabani & Co., Inc., Hamid Kabani, CPA,*

    *Michael Deutchman, CPA, and Karim Khan Muhammad, CPA,*

    *for Review of Disciplinary Action Taken by the PCAOB*,

    S.E.C. Rel. No. 34-80403, 2017 WL 1295034 (S.E.C. Apr. 7, 2017)............6

*In the Matter of Kabani & Co., Inc., Hamid Kabani, CPA, Michael Deutchman,*

    *CPA, and Karim Khan Muhammad, CPA*,

    PCAOB File No. 105-2012-002 (P.C.A.O.B. Jan. 22, 2015)..........................5

*Kabani & Co., Inc. v. SEC*,

    139 S. Ct. 2013 (May 13, 2019) .....................................................................7

*Kabani & Co., Inc. v. SEC*,

    733 F. App'x 918 (9th Cir. Aug. 13, 2018) .................................................6, 7

*Kabani & Co., Inc. v. SEC*,

    No. 17-70786, Order, Dkt. No. 68 (9th Cir. Sept. 25, 2018).........................7

*Kabani & Co., Inc. v. SEC*,
    No. 17-70786, Order, Dkt. No. 69 (9th Cir. Oct. 3, 2018) ............................7

*Kaiser Aluminum & Chem. Corp. v. Bonjourno*,
    494 U.S. 827 (1990)..............................................................................10

*N.H. Fire Ins. Co. v. Scanlon*,
    362 U.S. 404 (1960)................................................................................9

*Reich v. Sea Sprite Boat Co., Inc.*,
    64 F.3d 332 (7th Cir. 1995) ...................................................................10

*SEC v. Markowski*,
    2007 WL 2566247 (M.D. Fla. Aug. 31, 2007),
    *aff'd*, 277 Fed. App'x 903 (11th Cir. May 13, 2008) ...................................11

*SEC v. McCarthy*,
    322 F.3d 650 (9th Cir. 2003) ............................................................8, 9, 10

*SEC v. Mohn*,
    465 F.3d 647 (6th Cir. 2006) ..................................................................9

*SEC v. Pinchas*,
    421 F. Supp. 2d 781 (S.D.N.Y. 2006) ...................................................8, 9, 10

*SEC v. Sprecher*,
    594 F.2d 317 (2d Cir. 1979) ...................................................................9

*SEC v. Vittor*,
    323 F.3d 930 (11th Cir. 2003) ..............................................................8, 9

*United States v. Hackett*,
    123 F. Supp. 104 (W.D. Mo. 1954) .........................................................9

**Statutes**

15 U.S.C. § 78u(e)(1)..........................................................................*passim*

15 U.S.C. § 78y(a)(1).................................................................................6

15 U.S.C. § 7211 .......................................................................................2

15 U.S.C. § 7212 .......................................................................................2

15 U.S.C. § 7213 .................................................................................2

15 U.S.C. § 7214 .................................................................................2

15 U.S.C. § 7215 .................................................................................2

15 U.S.C. § 7216 .................................................................................2

28 U.S.C. § 1391(b) .............................................................................1

28 U.S.C. § 1961 ..........................................................................10, 11

The Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745 ...................2

**Rules and Standards**

FED. R. CIV. P. 71 ...............................................................................9

FED. R. APP. P. 37(a) .........................................................................10

Public Company Accounting Oversight Board Auditing Standard No. 3 ................4

Public Company Accounting Oversight Board Rule 3100 ........................5

Public Company Accounting Oversight Board Rule 4006 ........................5

**Treatises**

12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus,
      FEDERAL PRACTICE AND PROCEDURE § 3032 (2d ed. 1997) ...........................9

# INTRODUCTION

Section 21(e)(1) of the Exchange Act[1] permits a district court, upon application, to issue an order commanding compliance with an order of the Securities and Exchange Commission ("SEC" or "Commission"). In a March 2017 decision, the SEC held that Hamid Kabani, Michael Deutchman, and Karim Khan Muhammad had engaged in an egregious attempt to deceive the Public Company Accounting Oversight Board and to cover up their accounting firm's failure to comply with applicable auditing standards. Kabani, Deutchman, and Khan had, among other things, falsified documents in, and improperly added documents to, their audit files. Based on their violations, the SEC ordered each of them to pay a civil penalty: Kabani to pay $100,000, Deutchman to pay $35,000, and Khan to pay $20,000. To this date, none of the respondents has paid anything. The SEC respectfully moves this Court to order each respondent to pay the full amount he owes plus interest.

# JURISDICTION AND VENUE

This Court has jurisdiction under Section 21(e)(1) of the Exchange Act.[2] Venue properly lies in the Central District of California under 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to the claims asserted herein occurred in this district. Among other things, Kabani, Deutchman, and Khan engaged in their misconduct at the Los Angeles, California, office of their accounting firm. Further, the respondents reside in this district. Upon information and belief, Hamid Kabani resides in Los Angeles, California, Michael Deutchman resides in Playa del Rey, California, and Karim Khan Muhammad resides in Mission Viejo, California. Thus, venue properly lies within the Central District of California under 28 U.S.C. § 1391(b).

---

[1]/      15 U.S.C. § 78u(e)(1).

[2]/      *Id*.

1

1

## KABANI, DEUTCHMAN, AND KHAN
## PERPETRATE THE "CLEANUP" SCHEME

Hamid Kabani was the president and sole shareholder of Kabani & Company, Inc. ("K&C" or "the Company"), an accounting firm registered with the Public Company Accounting Oversight Board ("PCAOB" or "the Board").[3] Michael Deutchman was K&C's director of audits and accounting.[4] Karid Khan Muhammad ("Khan") was a K&C auditor with responsibilities for overseeing general audit work and supervising audit staff.[5] All three were accountants.

In June 2008, inspectors from the Board[6] notified K&C that the Board planned to inspect K&C's audit records.[7] The respondents reacted by beginning what they described as a "[c]leanup" of K&C's audit files.[8] In the course of their scheme, respondents added documents to, and falsified documents in, their audit files—even though the deadline for completing the files had passed.[9] Respondents also failed to indicate when, why, and by whom the alterations were made.[10]

---

[3]/ *In the Matter of the Application of Kabani & Co., Inc., Hamid Kabani, CPA, Michael Deutchman, CPA, and Karim Khan Muhammad, CPA, for Review of Disciplinary Action Taken by the PCAOB*, Release No. 34-80201, 2017 WL 947229, at *1-*2 (S.E.C. March 10, 2017) ("SEC Opinion & Order"). The Declaration of Holly Greaves ("Greaves Decl."), Exhibit 1 hereto, includes as its Exhibit B a true and correct copy of the SEC Opinion & Order. *See* Greaves Decl. at ¶4.

[4]/ SEC Opinion & Order at *2.

[5]/ *Id.* at *1.

[6]/ Under the Sarbanes-Oxley Act of 2002, Pub. L. No. 107- 204, 116 Stat. 745, Congress established the Board to oversee the accounting industry. The Board issues auditing and ethics standards, inspects accounting firms, and conducts investigations. 15 U.S.C. §§ 7213-7215. Every accounting firm that participates in auditing public companies must register with the Board and comply with its rules. 15 U.S.C. §§ 7211-13, 7216. If a company violates those rules, the Board may issue sanctions to punish it. 15 U.S.C. § 7215(c)(4).

[7]/ SEC Opinion & Order at *2.

[8]/ *Id.*

[9]/ *Id.* at *5-*6.

[10]/ *Id.* at *7.

2

Among other things, respondents "intentionally reset internal computer clocks" to conceal the dates on which they had made the alterations, and they "backdated their signatures on relevant work papers."[11]

This "cleanup" effort was "resource-intensive."[12] It "consumed so much of the staff's time" during the two months preceding the inspection that the Company "could not do much billing" on paying projects.[13] One employee described it as "a huge project where everyone was working on it, they were working overtime, they were working against the deadlines."[14] The effort intensified in October 2008, when the Board's inspectors sent the Company an email identifying the audit files they would be inspecting. Kabani forwarded the list to Company staff, stating: "Please note below the clients selected by the PCAOB. We will be working 12 hrs per day, next week, including Saturday and possibly Sunday. Everybody is expected to make arrangement[s] and resolve the[ir] personal matters. No exceptions."[15]

On October 20, 2008, the Board's inspectors visited the Company's office and reviewed its files.[16] "No one informed the inspectors that work papers had been supplemented or altered after" the applicable deadlines.[17]

A year after the inspection, a former K&C employee alerted the Board about these irregularities.[18] The Board accordingly opened an investigation, asked the Company to produce its audit files, compared the documents produced by the

---

11/    *Id*. at *1.

12/    *Id*.

13/    *Id*. at *3.

14/    *Id*.

15/    *Id*. (brackets in original).

16/    *Id*. at *4.

17/    *Id*.

18/    *Id*.

Company to copies provided by the former employee, and reviewed the documents' metadata (information stored on a computer about a document's properties, including information about who had last edited the document and when).[19] The investigation revealed that respondents had altered their audit files after the applicable deadlines, but had failed to indicate when, why, or by whom the changes were made.[20]

**THE SANCTIONS IMPOSED ON KABANI, DEUTCHMAN, AND KAHN**

     **A.    The PCAOB Imposes Civil Penalties on Kabani, Deutchman, and Khan.**

In June 2012, the Board initiated disciplinary proceedings against the respondents.[21] The Board alleged that the respondents had improperly added, altered, and backdated documents across multiple audit files.[22] By their actions, Kabani, Deutchman, and Khan were alleged to have violated two auditing requirements established by the Board in its Auditing Standard No. 3 ("AS No. 3). Under the first requirement, a firm must assemble complete and final documentation for an audit within 45 days after the release of the audit report.[23] Under the second, a firm that adds documents to an audit file after this 45-day deadline must mark the documents with the date of addition, the name of the person making the addition, and the reason for the addition.[24]

After a hearing, the Board's hearing officer issued an initial decision finding that the respondents had engaged in a "wide-spread and resource-intensive effort" to alter documents in three issuer audit files in an attempt "to deceive PCAOB

---

[19]/    *Id*. at *4-*6.

[20]/    *Id*. at *5.

[21]/    *Id*. at *7.

[22]/    *Id*.

[23]/    SEC Opinion & Order at *2.

[24]/    *Id*.

inspectors in an upcoming inspection about the deficiencies in the Firm's audit work papers."[25] The decision concluded that respondents had violated PCAOB Rule 4006, which requires public accounting firms and associated persons to cooperate with Board inspections, and PCAOB Rule 3100, which requires such firms and their associated persons to comply with applicable auditing standards, including AS No. 3.

To redress these violations, the initial decision censured the respondents; revoked the Company's registration; barred Kabani, Deutchman, and Khan from associating with a registered public accounting firm; and imposed civil penalties on Kabani ($100,000), Deutchman ($35,000), and Khan ($20,000).[26]

The respondents sought review of the hearing officer's decision before the Board. The respondents argued, among other things, that the hearing officer had lacked sufficient experience and expertise, that he had improperly prevented them from calling an expert witness, and that the Board had denied them due process by taking too long to complete the investigation and disciplinary proceedings.[27] In a separate motion, the respondents demanded the Board's recusal on the ground that it was biased.[28] The Board denied the recusal motion and summarily affirmed the hearing officer's decision.[29]

---

[25]/    *Id.*

[26]/    *Id.* at *7.

[27]/    *See Kabani & Co., Inc., et al.*, PCAOB File No. 105-2012-002, at 12, 15 (Jan. 22, 2015), available at https://pcaobus.org/Enforcement/Adjudicated/Documents/105-2012-002-Kabani.pdf (last visited Sept. 3, 2019). A true and correct copy of the Board decision is attached as Exhibit A to the Declaration of Holly Greaves. *See* Greaves Decl. at ¶3.

[28]/    *Id.* at p. 16.

[29]/    *Id.* at pp. 18-9.

**B.    The SEC Affirms the Civil Penalties Imposed on Kabani, Deutchman, and Khan.**

The respondents sought review of the Board's decision before the Commission. In March 2017, the Commission affirmed the Board's determinations, finding that: (i) Kabani's conduct in directing efforts to improperly add to and alter certain audit files "resulted in intentional and knowing violations of PCAOB rules," (ii) Deutchman intentionally and knowingly, or at least recklessly, participated in Kabani's "PCAOB Cleanup" scheme, and (iii) Khan was "directly involved in furthering the 'PCAOB Cleanup' scheme."[30] The Commission therefore issued its Opinion and Order, which sustained the $100,000 civil penalty against Kabani, the $35,000 civil penalty against Deutchman, and the $20,000 civil penalty against Khan.[31]

In April 2017, the Commission ordered a stay pending appeal of the imposition of the civil money penalties; the order provided that the stay would end when the Court of Appeals issued its mandate.[32]

**C.    The United States Court of Appeals for the Ninth Circuit Denies Respondents' Petition for Review.**

The respondents sought review of the Commission's decision in the United States Court of Appeals for the Ninth Circuit, as permitted under  Section 25(a)(1) of the Exchange Act.[33] In August 2018, the court denied the petition for review.[34]

---

[30]/    SEC Opinion and Order at *14.

[31]/    *Id.* at *7.

[32]/    *See In the Matter of the Application of Kabani & Co., Inc. et al.*, S.E.C. Rel.  No. 34-80403, 2017 WL 1295034 (S.E.C. Apr. 7, 2017). A true and correct copy of the Commission's order is attached as Exhibit C to the Declaration of Holly Greaves. *See* Greaves Decl. at ¶5.

[33]/    15 U.S.C. § 78y(a)(1) (a person aggrieved by a final SEC order may obtain review in a Court of Appeals within 60 days of the order's entry).

[34]/    *Kabani & Co., Inc. v. SEC*, 733 Fed. App'x 918 (9th Cir. Aug. 13, 2018). A true and correct copy of the decision of the Ninth Circuit Court of Appeals is attached as Exhibit D to the Declaration of Holly Greaves. *See* Greaves Decl. at ¶6.

The court held that "[s]ubstantial evidence support[ed] the SEC's finding," that the "proceedings comported with procedural due process," and that the respondents' "other procedural complaints [we]re meritless."[35]

The respondents then moved for reconsideration of the court of appeals' order. The court of appeals denied the motion, construed the motion as a petition for panel rehearing, and denied the petition as well. [36]

On October 3, 2018, the Ninth Circuit issued its mandate,[37] and the SEC's stay on the civil money penalties therefore lifted.

**D.      The Supreme Court Denies the Respondents' Petition for a Writ of Certiorari.**

The respondents next petitioned the Supreme Court for a writ of certiorari. On May 13, 2019, the court denied their petition.[38]

**E.      The SEC Opinion and Order Is Final.**

The respondents' appeals were exhausted when, on May 13, 2019, the Supreme Court issued its order denying their petition for a writ of certiorari. Thus, the SEC Opinion and Order became final on that date.

**F.      Kabani, Deutchman, and Khan Refuse to Comply with the SEC Opinion and Order.**

To date, Kabani, Deutchman, and Khan have refused to comply with the SEC Opinion and Order.

---

[35] *Kabani & Co., Inc.,* 733 Fed. App'x at 918-19.

[36] *Kabani & Co., Inc. v. SEC*, No. 17-70786 (9th Cir.), Order, Dkt. No. 68 (Sept. 25, 2018). A true and correct copy of the order of the Ninth Circuit Court of Appeals is attached as Exhibit E to the Declaration of Holly Greaves. *See* Greaves Decl. at ¶7.

[37] *Kabani & Co., Inc. v. SEC*, No. 17-70786 (9th Cir.), Order, Dkt. No. 69 (Oct. 3, 2018). A true and correct copy of the mandate of the Ninth Circuit Court of Appeals is attached as Exhibit F to the Declaration of Holly Greaves. *See* Greaves Decl. at ¶8.

[38] *Kabani & Co., Inc. v. SEC*, 139 S.Ct. 2013 (Mem.) (May 13, 2019). A true and correct copy of the opinion of the Supreme Court is attached as Exhibit G to the Declaration of Holly Greaves. *See* Greaves Decl. at ¶9.

On June 11, 2019, the PCAOB's Office of Finance sent letters to Kabani, Deutchman, and Khan, reminding each of his obligation to pay the civil monetary penalty imposed on him.[39] None of them responded to the letters, and none contacted the PCAOB to request that a payment plan be established by which he could make periodic payments toward the full amount that he owes.[40]

Kabani has made no payments towards the civil penalty of $100,000 imposed on him.[41] Thus, Kabani owes $100,000 plus interest.

Deutchman has made no payments towards the civil penalty of $35,000 imposed on him.[42] Thus, Deutchman owes $35,000 plus interest.

Khan has made no payments towards the civil penalty of $20,000 imposed on him.[43] Thus, Khan owes $20,000 plus interest.

## ARGUMENT

### A.   This Court Has Jurisdiction to Enforce Final SEC Orders.

Section 21(e)(1) of the Exchange Act expressly gives United States district courts jurisdiction to enforce SEC orders: "Upon application of the [SEC], the district courts of the United States … shall have jurisdiction to issue … orders commanding (1) any person to comply with … orders" issued under the Exchange Act.[44] Here, the SEC must invoke Section 21(e)(1) because the respondents have refused to comply with the SEC order, and a court judgment is needed to make them comply.

---

[39] True and correct copies of the letters and their proofs of delivery are attached as Exhibit H (letter to Kabani), Exhibit I (letter to Deutchman), and Exhibit J (letter to Kahn) to the Declaration of Holly Greaves. *See* Greaves Decl. at ¶10.

[40] Greaves Decl. at ¶11.

[41] Greaves Decl. at ¶12.

[42] *Id*.

[43] *Id*.

[44] 15 U.S.C. § 78u(e)(1); *SEC v. McCarthy*, 322 F.3d 650, 654 (9th Cir. 2003); *SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. 2003); *SEC v. Pinchas*, 421 F. Supp. 2d 781, 783 (S.D.N.Y. 2006).

8

Under Section 21(e)(1) only the SEC can apply to this Court for an order enforcing SEC orders. But an interested non-party may enforce this Court's order under FED. R. CIV. P. 71.[45] Thus, the PCAOB may collect the unpaid civil penalties by using this Court's Order commanding respondents to comply with the SEC order.[46]

**B.     Summary Proceedings Are Appropriate Here Because Each Respondent's Liability Is Fixed.**

Section 21(e)(1) authorizes the use of summary proceedings to enforce SEC orders in district courts.[47] The proceedings "may be 'conducted without formal pleadings, on short notice, without summons and complaints, [and] generally on affidavits.'"[48] Thus, the SEC appropriately proceeds here by filing this Motion without first having filed a summons and complaint.[49]

Because respondents exhausted their right to appeal their liabilities, their liabilities are fixed and determined by the SEC order.[50] Therefore, summary entry

---

[45]/ *See Berger v. Heckler*, 771 F.2d 1556, 1565 (2d Cir. 1985) ("Rule 71 was intended to assure that process be made available to enforce court orders in favor of and against persons who are properly affected by them, even if they are not parties to the action") (citation omitted); 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 3032 (2d ed. 1997).

[46]/ *See SEC v. Mohn*, 465 F.3d 647, 653 (6th Cir. 2006); *Floyd v. Ortiz*, 300 F.3d 1223 (10th Cir. 2002) (relying on Rule 71 to hold that inmate who was not party to original settlement agreement, but for whose benefit settlement agreement was entered, could seek enforcement of its terms); *United States v. Hackett*, 123 F. Supp. 104 (W.D. Mo. 1954) (permitting tenants on behalf of whom the United States obtained a judgment for treble the amount of excessive rents paid to the defendant to obtain execution of the judgment under Rule 71).

[47]/ *Vittor*, 323 F.3d at 935; *see also McCarthy*, 322 F.3d at 659; *Pinchas*, 421 F. Supp. 2d at 783; *cf. SEC v. Sprecher*, 594 F.2d 317, 319-20 (2d Cir. 1979) (interpreting similar language in a provision of the Securities Act of 1933 in order to authorize summary proceedings).

[48]/ *McCarthy*, 322 F.3d at 655 (quoting *N.H. Fire Ins. Co. v. Scanlon*, 362 U.S. 404, 406 (1960))

[49]/ *Id.* at 659.

[50]/ *McCarthy*, 322 F.3d at 659; *see also Pinchas*, 421 F. Supp. 2d at 783 (holding that arguments contesting the underlying fine imposed by National Association of Securities

of a judgment enforcing their liability is proper, provided that the respondents are given an opportunity to respond to the SEC's Motion.[51] The SEC will promptly serve each respondent with a copy of this Memorandum and the Notice of Motion and Motion. The SEC will then promptly file proofs of service with this Court. The SEC respectfully requests that this Court then establish a briefing schedule so that each respondent has an opportunity to respond.

### C.    Each Respondent Should Pay Pre- and Post-Judgment Interest.

The SEC should receive prejudgment interest on the civil penalties imposed on respondents from the date on which the SEC Opinion and Order became final, May 13, 2019 (when the Supreme Court denied their petition for a writ of certiorari), until the date of this Court's order, as well as any post-judgment interest that accrues thereafter.[52] The applicable interest rate is the weekly average one-year constant-maturity Treasury yield, which is the federal statutory rate for post-judgment interest.[53] As of October 16, 2019, that rate stood at 1.59%, as published at www.federalreserve.gov/releases/h15/current/.

---

Dealers or SEC affirmance thereof are not germane to an adjudication of an application for order under Section 21(e)(1)).

[51] *See McCarthy*, 322 F.3d at 659-660 (stating that due process requires that opposing party be given opportunity to respond to SEC's application for an order under Section 21(e)(1)).

[52] 28 U.S.C. § 1961; *Bd. of Gov'rs of the Fed. Reserve Sys. v. Pharaon*, 169 F.3d 110, 115-16 (2d Cir. 1999) (explaining that the rule prohibiting prejudgment interest on penalties does not apply to penalties fixed in final agency orders and that for the purposes of 28 U.S.C. § 1961 and Federal Rule of Appellate Procedure 37(a), "an agency order is akin to a district court judgment in all respects relevant to the award of interest"); *Reich v. Sea Sprite Boat Co., Inc.*, 64 F.3d 332, 334 (7th Cir. 1995); *BankAtl. v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052-1053 (11th Cir. 1994) (relying on *Kaiser Aluminum & Chem. Corp. v. Bonjourno*, 494 U.S. 827, 835 (1990), to hold that interest accrues on costs from the date of final judgment).

[53] *See* 28 U.S.C. § 1961; *see also SEC v. Markowski*, 2007 WL 2566247, at *3 (M.D. Fla. Aug. 31, 2007) (relying on 28 U.S.C. § 1961 to award interest on the fines and costs levied by NASD from the date of the SEC order until time of payment), *aff'd*, 277 Fed. App'x 903 (11th Cir. May 13, 2008).

10

**CONCLUSION**

After the SEC has served respondents and they have been given an opportunity to respond, the SEC respectfully requests that this Court enter an Order that

(1)  commands

    (a)  Kabani to comply with the SEC Opinion and Order in its entirety and to pay the civil penalty of $100,000 imposed on him, plus interest from the date that order became final (May 13, 2019, when the Supreme Court denied respondents' petition for a writ of certiorari) until the date of payment in full;

    (b)  Deutchman to comply with the SEC Opinion and Order in its entirety and to pay the civil penalty of $35,000 imposed on him, plus interest from the date of that order became final (May 13, 2019, when the Supreme Court denied respondents' petition for a writ of certiorari) until the date of payment in full;

    (c)  Khan to comply with the SEC Opinion and Order in its entirety and to pay the civil penalty of $35,000 imposed on him, plus interest from the date of that order became final (May 13, 2019, when the Supreme Court denied respondents' petition for a writ of certiorari) until the date of payment in full;

(2)  provides further necessary and appropriate relief to compel each respondent to comply with the SEC Opinion and Order; and,

(3)  maintains this Court's jurisdiction over this matter as necessary to ensure that each respondent complies with the Court's Order.

///
///
///
///

1    A proposed order is attached for the Court's convenience.

2

3    Dated: October 28, 2019

4                                        Respectfully submitted,

5

6                                        */s/ Amy Jane Longo*
                                         AMY JANE LONGO
7                                        Cal. Bar No. 198304
                                         Email: longoa@sec.gov
8                                        Securities and Exchange Commission
9                                        444 South Flower Street, Suite 900
                                         Los Angeles, California 90071
10                                       Telephone:   323 / 965-3835
11                                       Facsimile:   213 / 443-1904

12
                                         Attorney for Movant Securities and
13                                       Exchange Commission

14

15                                       WM. SMITH GREIG
16                                       D.C. Bar No. 453443
                                         Email: greigw@sec.gov
17                                       Securities and Exchange Commission
18                                       100 F Street, N.E.
                                         Washington, D.C. 20549-9612
19                                       Telephone:   202 / 551-5147
20                                       Facsimile:   202 / 772-9263

21                                       Applicant for Admission *Pro Hac Vice* and
22                                       Attorney for Movant Securities and
                                         Exchange Commission
23

24

25

26

27

28