*[Handwritten:]* ──── Scamny Ave #407
Playa Del Rey, CA 90293
310-425-4711

FILED
2019 DEC 30 AM 9:15

For Defendant
HAMID KABANI, MICHAEL DEUTCHMAN, KARIM KHAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SECURITIES EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HAMID KABANI, an individual; MICHAEL DEUTCHMAN, an individual; AND KARIM KHAN MOHAMMED, An individual<br><br>Defendant | Case No.: 19-cv-09234-DSF-PLAx<br><br>***MOTION TO OPPOSE THE SEC'S REQUEST FOR SUMMARY JUDGMENT PURSUANT TO HEARING SCHEDULED ON JANUARY 13, 2020*** |

On April 24, 2014, the Public Company Accounting Oversight Board ("PCAOB") Hearing officer, after conducting an internal Hearing, ruled that Kabani & Company, Inc. and defendants, Abdul Hamid Kabani, Michael Deutchman and Karim Khan Mohammed ("Defendants") violated certain rules of PCAOB by not cooperating with the PCAOB inspectors and altering certain working paper files. This Hearing officer was inappropriately appointed as a replacement Hearing officer to a previous Hearing officer, who was more neutral and impartial in his judgment until his replacement with a serving chief of Enforcement at Financial Industry Regulatory Authority ("FINRA") to serve as the Hearing Officer. Unfortunately, Defendants were not allowed to even protest this or the previous inappropriate and illegal appointment of the Hearing officers. Under the ruling in *LUCIA* (LUCIA v. Security Exchange Commission, 585 US _ (2018)), whereby the Supreme Court, in a landmark decision, ruled that Hearing officers appointed under an internal Hearing by the SEC and its affiliates were against the constitution and therefore, illegal.

MOTION TO OPPOSE THE SEC'S REQUEST FOR SUMMARY JUDGMENT PURSUANT TO HEARING SCHEDULED ON JANUARY 13, 2020 - 1

The Hearing officer based his judgment on two aspects: (1) Based upon testimony of a disgruntled employee; and (2) Meta Data analysis of Kabani & Company, Inc.'s working paper files by an expert appointed by PCAOB. It should be further noted that according to PCAOB's own expert's testimony, he had never examined any work paper file previously in the particular format per the software used by Kabani & Company, Inc.

Furthermore, in particular, the disgruntled employee's testimony at the Hearing was noted to be so crucial to the entire proceedings, that it was considered as the primary basis of sanctioning Defendants. The Hearing officer noted in his conclusions:

> The Hearing Officer is not without concerns regarding Saeed's conduct and motives: Saeed clearly engaged in wrongdoing at the Firm by backdating documents and he altered a document before producing it to the PCAOB in order to "distance" himself from alleged wrongdoing.297 He may also have born a grudge against Kabani.298 And the record is not entirely consistent regarding when Saeed reached out to the PCAOB to express his concerns about the Firm's pre-inspection conduct—during the inspection; within 30 days of the PCAOB inspection; or a year later, after his relationship with Kabani had soured—or how often he tried to initiate contact with the PCAOB." Page 54 of the AMENDED INITIAL DECISION - April 22, 2014. The same disgruntled employee has confessed in an affidavit filing that he had altered documents before submitting to PCAOB and he confessed of teaching the defendant a lesson because he did not make him a partner in the firm. Whereas, the defendant Abdul Hamid Kabani had passed lie detector test and submitted to PCAOB.

The work paper, which was tested by the expert and supposedly contained anomalies, was the other evidence the Hearing officer relied upon. **This was in-spite of a sworn affidavit filed by the IT employee at Kabani & Company, wherein he declared that he and another employee had worked on the work paper (without any knowledge of any of Defendants) to be ready for the inspection as the software used by Defendants was faulty and used to block the opening of the files.** This statement was supported by the employee Thomson Reuters (the publisher of the software used by Kabani & Company to store the work paper file) that they had instructed Kabani employee to change the Mata data in order for them to be readable.

MOTION TO OPPOSE THE SEC'S REQUEST FOR SUMMARY JUDGMENT PURSUANT TO HEARING SCHEDULED ON JANUARY 13, 2020 - 2

PCAOB Hearing officer's Decision: Based upon above two unsubstantial forms of evidence, the Hearing officer ruled that in addition to barring Defendants to be associated with a registered public accounting firm, each of Defendants were required to pay a certain amount in civil penalties ($100,000 for Hamid Kabani, $35,000 for Michael Deutchman and $ 20,000 for Karim Khan). According to the rulings, the civil penalties were to be made payable to Public Company Accounting Oversight Board, delivered to the Controller, Public Company Accounting Oversight Board, 1666 K Street, N.W., Washington, D.C.

Ramification of nonpayment of the money penalties per the PCAOB rules (PCAOB Release No. 2003-015 September 29, 2003): Per the PCAOB rules, Rule 5304. Summary Suspension for Failure to Pay Money Penalties (a) Registered Public Accounting Firms If, thirty days after exhaustion of all reviews and appeals, and the termination of any stay authorized by law or the Rules of the Board, **a registered public accounting firm has failed to pay a money penalty imposed pursuant to Rule 5300(a)(4), the Board may, after seven days' notice in writing, summarily suspend the registration of the registered public accounting firm.** (emphasis added).

As per the Sarbanes Oxley Act 2002, The PCAOB Board shall be a body corporate, operate as a nonprofit corporation, independent from the Security and Exchange Commission. As allowed per the rules, in July 2015, Defendants appealed a review by the United States Securities and Exchange Commission regarding sanctions levied by the Public Company Accounting Oversight Board, in a timely manner. On March 10, 2017, the Commission ruled that:

> Accordingly, IT IS ORDERED that, until the Court of Appeals issues its mandate, the Commission's March 10, 2017 **order sustaining the PCAOB's findings and sanctions against movants is stayed to the extent that it renders effective the PCAOB's imposition of civil money penalties on Kabani, Deutchman, and Khan."**

It must be noted that the Security and Exchange Commission did not alter the ruling of PCAOB Hearing officer, but simply sustained the sanctions, including requiring Defendants to pay monetary penalties to the PCAOB. The ramification of non-payment of such penalties to the PCAOB is very clearly defined by the PCAOB rules as it prohibited the defendants to practice with a registered Accounting firm (until the payment is made and until other criteria are met). Nothing more than that! It simply prohibits a non-payer to practice with a registered public accounting firm. Neither the Security and Exchange Commission, 9th Circuit Board nor the Supreme Court has ever changed this order by the PCAOB. 9th Circuit Board and the Supreme Court simply refused to hear the petitions of Defendants any further.

Accordingly, there is no ruling or order by either PCAOB or the Security & Exchange Commission to pay the monetary penalties to the Security & Exchange Commission instead of the PCAOB. To compel otherwise would be illegal and against the order issued by the Commission itself.

Furthermore, the current motion raised by the Security & Exchange Commission to collect the monetary penalty by itself, raised **another and more important question: Was the Security & Exchange Commission itself an independent and impartial agency when it decided against Defendants in their appeal to the commission, in March 2017?** The Securities and Exchange Commission was simply aiming to collect money from Defendants for itself. How can a judge be impartial when the result of judgment is for the judge to collect a substantial sum of money? There is no such precedent anywhere in the State, Country, or world, whereby, a non-neutral judge, biased due to the enticing opportunity of collecting monetary penalties, would be able to decide on an appeal of certain defendants who are relying on the judge to provide them justice. Accordingly, Defendants request that the Securities and Exchange Commission's Request for Summary Judgment and for Monetary Sanctions be denied in full and the Securities & Exchange Commission order in March 2017 be deemed as unconstitutional, unbiased and therefore be declared invalid.

MOTION TO OPPOSE THE SEC'S REQUEST FOR SUMMARY JUDGMENT PURSUANT TO HEARING SCHEDULED ON JANUARY 13, 2020 - 4

Moreover, in SEC v McCarthy, 322 F. 3d650,659(9th circuit 2003) The 9th circuit ruled that in matters such as this one, the defendants are at least entitled to a hearing before the District court. We the defendants very much appreciate this opportunity to put forth our positions to support our contention that these fines levied against us by this non governmental agency should not be enforceable by a governmental agency.

_____
HAMID KABANI

_____
MICHAEL DEUTCHMAN

_____
KARIM KHAN

MOTION TO OPPOSE THE SEC'S REQUEST FOR SUMMARY JUDGMENT PURSUANT TO HEARING SCHEDULED ON JANUARY 13, 2020 - 5